**CLEVELAND TRUST CO., Plaintiff-Appellant, v. SMITH et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21060. Decided March 7, 1949.

Todd & Todd, Cleveland, for plaintiff-appellant.
Stephen M. Young, Cleveland, for defendants-appellees.

## OPINION

By HURD, J.

This is an appeal from the Common Pleas Court of Cuyahoga County, from a judgment of said Court overruling the appellant's motion for an order to revive a dormant judgment. By its judgment the Common Pleas Court gave to the appellees the benefit of the provisions of §11663-1 GC, commonly known as the Petri Act.

While there are a number of assignments of error. we are principally concerned with the claim that the Common Pleas Court erred in holding that the enforcement of plaintiff appellant's judgment is barred by §11663-1 GC and that the Court erred in refusing to render final judgment of revivor for plaintiff appellant.

For the purpose of brevity and convenience, the parties will be hereinafter referred to as plaintiff and defendants as they appeared in the trial court.

A brief summary of the facts is necessary. It appears that on Sept. 22, 1926, the defendant, Ernest C. Smith purchased

the single dwelling house located at 2019 Carabelle Avenue, Lakewood, Ohio. In order to procure sufficient funds to make the purchase, the defendant borrowed $4200.00 from the plaintiff, giving his note therefor secured by a first mortgage on the premises. Thereafter on May 18, 1936, a decree of foreclosure was entered and a personal judgment rendered in favor of the plaintiff against the defendants, Ernest C. Smith and his wife, Mabel, who had joined in the note and mortgage. The property was sold at sheriff's sale on August 24, 1936 and the sale confirmed, leaving a deficit of $2024.28 with interest from Sept 24, 1936. Thereafter the judgment became dormant. On Sept. 3, 1946 the Common Pleas Court upon application of plaintiff issued a conditional order of revivor.

The defendants filed their answer in the revivor proceedings in which they stated:

"Said judgment was rendered in this court upon an indebtedness which was secured and evidenced by mortgage on real estate upon which real estate there was at the time of said mortgage and at the time of said judgment a dwelling for not more than two families; which had then been used as a home; * * *"

An issue was made in the reply of plaintiff as follows:

"Plaintiff denies that the dwelling * * * was used as a home by said mortgagors, Ernest C. Smith and Mabel A. Smith at any time after the execution and delivery of said mortgage * * * and denies that said mortgaged premises were of the character to bring plaintiff's said judgment within the provisions of §11663-1 GC."

The defendants testified that neither of them ever used the premises as a home after acquiring ownership and after the mortgage and note to the plaintiff had been executed, stating that they did not live in the mortgaged property because it was too far from the husband's work. The property was rented to tenants during the entire life of the mortgage but was vacant a considerable portion of the time. Upon two occasions tenants were evicted from the premises for non-payment of rent.

Because the defendant, Mabel A. Smith, claims that it was at one time her family home, we deem it necessary to include in the statement of facts a brief summation of her testimony as shown in the record relating to this claim.

It appears that the building in question had originally occupied a lot on Hilliard Road, a short distance from Carabelle Avenue. The defendant, Mabel A. Smith's father originally owned this property which is referred to as "the old homestead" in which she lived from the time she was about eight years of age. Her father sold the property on Hilliard Road to the Board of Education of the City of Lakewood but reserved the right to remove the house to Carabelle Avenue. The defendant testified on cross-examination that she left her father's home first in 1912 when she was married for the first time, after which she returned to her father's home in 1916 and remained there until she re-married in Feb. 1918. She was divorced for a second time in 1920 and after that she moved to her father's home still on Hilliard Road. In 1921 the house was moved from Hilliard Road to Carabelle Avenue. She lived at her father's home after that, off and on, until she married the defendant, Ernest C. Smith in 1923. Neither she nor defendant Ernest C. Smith ever lived in the premises after that. Her father died April 24, 1924 without leaving a will, by reason of which she was seized of a 1/8 interest in the property.

Thereafter in April, 1926, an action in partition was commenced in Common Pleas Court by one of defendant's brothers. On Sept. 16, 1926, the property was sold through the partition proceedings to the defendant, Ernest C. Smith, the defendant Mabel A. Smith joining in the deed with the other heirs.

It is claimed by the defendants that while they never occupied the home that they held it as a home site or as a homestead. This is based upon their testimony that they had intended that when Mr. Smith retired from business they would convert the single dwelling into a two-family house and occupy one part of it as a home.

The members of this Court are of the opinion that the conduct of the defendants completely negatives their assertion that they ever held this property as a homestead or homesite. The fact that they continuously rented it to tenants indicates a use as an investment property. According to their testimony, the property was vacant a considerable part of the time and on two occasions they evicted tenants for non-payment of rent. They had every opportunity to use the property as a homestead if they desired, but did not choose to do so. In our opinion this is a case where actions speak louder than words.

We think further that the contention that this was the homestead of defendant, Mabel A. Smith, and that she held it as such, cannot be sustained. True, she lived there with her

father and her brothers and sisters at different times, but upon her marriage to Ernest C. Smith she left the home and never returned. She did not acquire any interest in the property until her father's death and this was promptly sold by her together with the other heirs through the partition proceedings in Common Pleas Court.

Counsel for defendants rely particularly on the cases of **Montalto v. Yeckley, 138 Oh St 313;** and **Vekoske et al v. Cleveland Trust Co., 81 Oh Ap 511.**

The syllabus of the case of **Montalto v. Yeckley, 138 Oh St 313** is as follows:

"Sec. 11663-1 GC is constitutional, but it does not operate to preclude the enforcement of a deficiency judgment rendered for an indebtedness secured by mortgage upon premises never occupied or held as a homestead and on which is erected a building primarily for business purposes, consisting of a storeroom on the first floor and living quarters for not more than two families on the second and third floors."

We cannot find that this case supports the contention of defendants or that there is any analogy on the facts.

The case of **Vekoske et al v. Cleveland Trust Co. 81 Oh Ap 511,** decided by this court (the First District Court of Appeals sitting by designation), likewise has no application here because Ross, J., in his opinion in that case stated in part:

"There is substantial evidence that the appellees purchased the property in question (the 81st Street apartments) with the avowed intention of occupying the second floor apartment as a home. Under contract with the vendor they permitted the occupying tenant their grantor, to remain for some two years pending the acquisition of another home. This agreement was evidently a factor in the purchase. Efforts were made by appellees to secure possession of the second floor apartment but were unsuccessful by reason of the agreement to permit the grantor tenant to remain until a new location could be secured."

The court in that case held (syllabus):

"Sec. 11663-1 GC is applicable as a limitation upon the enforcement of a deficiency judgment, where it clearly appears that the judgment debtor is a mortgagor of premises sold on foreclosure to satisfy the debt, partially covered by such

deficiency judgment, and that such judgment debtor as mortgagor entertained a bona fide intention to occupy a portion of such premises. being a two-family apartment building, as a homestead, although such judgment debtor never lived in any part of such premises and neither he nor his family occupied them as a home or homestead and continuously maintained a home in residences elsewhere."

The record in the instant case clearly indicates that there was not a bona fide intention to occupy this residence as a homestead. The failure to occupy it for a period of ten years when there were many opportunities to do so, effectually negatives a bona fide intention to occupy the property as a residence such as the court found as a matter of fact in the Vekoske case.

It is our conclusion, based upon the record before us, that the defendants in this case do not come within any of the holdings in the cases relied upon by them. It appears to us that on the evidence the defendants never occupied the premises in question as a homestead after its purchase by defendant, Ernest C. Smith, and that they did not hold it as and for a homestead or homesite as claimed by them.

Therefore the judgment of the Common Pleas Court is reversed for error in holding that the enforcement of plaintiff appellant's judgment is barred by §11663-1 GC and for refusing to render final judgment of revivor for plaintiff appellant. The cause is remanded to the trial court with instructions to grant the motion to revive the judgment as prayed for. Exc. Order See Journal.

MORGAN, PJ. SKEEL, J, concur.